John C. Gorman, #91515
Charles J. Stiegler, #245973
GORMAN & MILLER, P.C.
210 North Fourth Street
San Jose, CA. 95112
(408) 297-2222 (phone)
(408) 297-2224 (fax)

Attorneys for Plaintiff
Mahroom Family Partnership

FILED

E-FILING

2008 JAN -8 P 3: 54

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

Feefard
S1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**C08    00136**

| | |
|---|---|
| MAHROOM FAMILY PARTNERSHIP, L.P., a California limited partnership;<br><br>            Plaintiff,<br><br>v.<br><br>BEST WESTERN INTERNATIONAL, INC., an Arizona corporation; and DOES 1 through 10, inclusive;<br><br>            Defendants. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; BREACH OF WRITTEN CONTRACT; VIOLATION OF CALIFORNIA FRANCHISE RELATIONS ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Mahroom Family Partnership, L.P. ("Mahroom Family Partnership") alleges as follows:

1.    Plaintiff Mahroom Family Partnership is a limited partnership duly organized under the laws of the state of California.

2.    Defendant Best Western International, Inc. ("Best Western") is an Arizona corporation located in Phoenix, Arizona. Best Western is the operator of an international franchise system

1    of hotels and motels.  This defendant is duly registered as a

2    foreign corporation with the State of California and regularly

3    conducts business throughout this State, including in the Northern

4    District of California.

5        3.   The true names and capacities, whether individual,

6    corporate, associate or other, of the defendants sued herein as

7    Does 1 through 10, inclusive, are unknown to plaintiff.  Plaintiff

8    is informed and believes that each such fictitiously named

9    defendant is liable in some manner for the acts and omissions set

10   forth herein.  When the true names and capacities of such

11   fictitiously named defendants are ascertained, plaintiff shall

12   amend this complaint to insert the same.

13       4.   On information and belief, at all times mentioned herein,

14   the defendants, and each of them, were acting on their own behalf

15   and as the agents, servants, partners, joint venturers, and

16   employees of each other, and within the scope of their agency,

17   authority and employment.

18                      JURISDICTION AND VENUE

19       5.   The causes of actions pleaded in this complaint arise

20   from the defendants' breach of a franchise agreement entered into

21   between the parties and from violation of the California Franchise

22   Relations Act, Cal. Bus. & Prof. Code §§ 20000 et seq.  The amount

23   in controversy exceeds the sum of $75,000, exclusive of interest

24   and costs, and this court has jurisdiction under 28 U.S.C. § 1332

25   and under the doctrine of pendent jurisdiction.

26       6.   Venue is proper in this judicial district pursuant to 28

27   U.S.C. § 1391(a) because the defendants reside and do business in

28   the Northern District of California and a substantial part of the

                                  2

Complaint/Jury Demand

1  events or omissions giving rise to the claims occurred in the
2  Northern District of California.

3                ALLEGATIONS COMMON TO ALL COUNTS

4       7.   Plaintiff is the owner and operator of a "Best Western"
5  motel located in Pacific Grove, California that is commonly known as
6  the Best Western Monarch Resort.  The Pacific Grove motel is
7  operated pursuant to a written Best Western franchise agreement
8  between the parties -- denominated as a "Membership Application and
9  Agreement" -- dated as of January 30, 1998.  The 1998 agreement
10 provides that the franchise is for an indefinite series of one year
11 terms ending on November 30 of each calendar year and automatically
12 renewing for the next year.  Plaintiff paid an entrance fee and
13 evaluation fees to the defendants in connection with the submission
14 of its application.  Section 36 of the agreement provides for
15 recovery of attorneys' fees, costs, and expenses incurred in
16 connection with a contractual breach or violation which, by virtue
17 of Cal. Civ. Code § 1717 and A.R.S. § 12-341.01, is a reciprocal
18 right.

19      8.   The 1998 franchise agreement recites that it is subject to
20 certain written "Bylaws and Articles" of Best Western.  The Bylaws
21 and Articles provide that the plaintiff will have various rights,
22 including, but not limited to, the right to "impartial, standardized
23 and non-discriminatory inspection procedures applied to each
24 property" and the "right to continue membership in Best Western
25 except where termination or cancellation is provided for pursuant to
26 the fair application of established Bylaws and Rules and
27 regulations."

28      9.   At all times relevant hereto, plaintiff has operated the

                              3

1 Pacific Grove motel and, in connection therewith, has offered goods
2 and/or services under a license permitting use of the Best Western
3 marks pursuant to a marketing plan and/or system that is
4 substantially associated with the defendants' Best Western
5 trademark, service mark, trade name, logotype, advertising, or other
6 commercial symbol designating Best Western or its affiliates and
7 have been required to pay, directly or indirectly, franchise fees.

8     10.   Plaintiff has not received a uniform franchise offering
9 circular from any of the defendants that complies with Cal. Corp.
10 Code § 31111 nor any other franchise offering circular.

11     11.   Cal. Bus. & Prof. Code § 20040.5 provides that "[a]
12 provision in a franchise agreement restricting venue to a forum
13 outside this state is void with respect to any claim arising under
14 or relating to a franchise agreement involving a franchise business
15 operating within this state."

16     12.   By way of a letter dated August 14, 2006, the defendants
17 notified Majid Mahroom (one of plaintiff's partners) that defendants
18 believed that grounds existed to cancel the Best Western membership
19 at the Pacific Grove motel because it supposedly did not fully
20 comply with the Best Western Design Guidelines but that Best Western
21 Board believed that a proposed corrective action plan could remedy
22 the alleged deficiencies.

23     13.   The August 14, 2006 letter further provided that
24 continuation of the Pacific Grove membership within the Best Western
25 system was contingent upon plaintiff fulfilling certain conditions,
26 including a requirement that by November 14, 2006 the Pacific Grove
27 motel must "[m]aintain a minimum Guest Rooms/Public Areas Assessment
28 score of 875 points on or shortly after this date and a passing

4

1  level score in all other Quality Assurance Assessments."

2       14.  Best Western regularly performs what it calls "Quality
3  Assurance" inspections on member motels.  These inspections look at
4  four components.  There are three graded components:  (1) the Guest
5  Room/Public Areas Condition Report (referred to as "GRPA"); (2) a
6  "minimum standards" report (that looks at such things as whether
7  each room has a bathmat, wastebasket, iron, minimum bed size, etc.);
8  and (3) a supplemental facilities score (that looks at such things
9  as whether a property's breakfast area or restaurant and swimming
10 pool meet Best Western's requirements).  For reasons that are
11 unclear, the fourth component of "staff performance" is sometimes
12 evaluated by Best Western on a 1,000 point basis and sometimes
13 evaluated on a simple pass or fail basis.  A "passing" score is
14 above 800; a score below 800 will cause a motel to enter
15 probationary status.

16      15.  The Pacific Grove motel in fact achieved a Guest
17 Rooms/Public Areas Assessment score in excess of 875 points "on or
18 shortly after" the designated date of November 14, 2006.

19      16.  The Pacific Grove motel was subsequently inspected on
20 October 23, 2007 by an inspector named Ahmad Abdolvahabi, an
21 inspector who had never previously been to the Pacific Grove motel
22 and had never met the Mahrooms.  This inspector deducted points for
23 alleged deficiencies that had never been cited by any prior Best
24 Western inspector.  The October 23, 2007 QA inspection score for the
25 Pacific Grove motel was 801.  Plaintiff believes that the October
26 23, 2007 inspection score was arbitrarily, discriminatorily, and
27 unfairly low.  In any event, 801 is considered a "passing" score
28 pursuant to Best Western's Bylaws and Rules and Regulations.

Complaint/Jury Demand

1    17.   On December 4, 2007, the Mahroom Family Partnership,
2  provided defendants with a detailed explanation of all corrective
3  action which had been or was being taken to address the alleged
4  deficiencies pointed out in Abdolvahabi's inspection report.

5    18.   On December 28, 2007, defendants sent a letter to Majid
6  Mahroom stating that the Pacific Grove motel's membership was being
7  terminated as a result of the 801 GRPA score on the October 23, 2007
8  inspection.

9    19.   Plaintiff disputes that valid and lawful grounds exist for
10 termination of the Pacific Grove franchise and further disputes that
11 the manner in which the Pacific Grove franchise was terminated is
12 valid or lawful.  Plaintiff contends that it has complied, or at
13 least substantially complied, with applicable requirements.
14 Plaintiff further contends that any noncompliance is primarily
15 attributable to the fault of the defendants or their designees
16 and/or agents and that the defendants' termination decision and the
17 property inspection leading up to the decision were not made in a
18 fair, non-discriminatory, and lawful manner.

19                          FIRST CLAIM

20              (Declaratory and Injunctive Relief)

21    20.   Plaintiff repeats and realleges paragraphs 1 through 19.
22    21.   The defendants' conduct is and has created a substantial
23 impediment to the plaintiff's ability to operate the Pacific Grove
24 motel as a Best Western franchise.  Defendants are presently
25 refusing to permit plaintiff to participate in the Best Western
26 reservations system and have directed plaintiff to cease using all
27 Best Western marks.

28    22.   Plaintiff contends that it is entitled to retain its

                                  6
Complaint/Jury Demand

1  status as a member of the Best Western system.

2      23.   Defendants contend that the plaintiff is not entitled to

3  continue participating in the Best Western franchise system with

4  regard to the Pacific Grove location.

5      24.   A dispute presently exists between the parties concerning

6  their respective rights and duties.   Such dispute requires a

7  declaration of rights by this court and issuance of appropriate

8  injunctive relief.

9                          SECOND CLAIM

10                    (Breach of Written Contract)

11      25.   Plaintiff repeats and realleges paragraphs 1 through 24.

12      26.   Inherent in the parties' agreements is an obligation of

13  good faith and fair dealing.

14      27.   Defendants' conduct contravenes the contractual

15  obligations existing between the parties in that plaintiff is being

16  deprived of the benefits of participation in the Best Western

17  franchise system.

18      28.   Plaintiff has performed all material obligations to be

19  performed on its part, save for such obligations as may be excused

20  by virtue of the defendants' conduct.

21      29.   As a result of defendants' conduct, the plaintiff is

22  being and will continue to be damaged in an amount not yet

23  ascertained but believed to exceed the sum of $75,000.

24                          THIRD CLAIM

25          (Violation Of California Franchise Relations Act)

26      30.  Plaintiff repeats and realleges paragraphs 1 through 29.

27      31.   The parties' relationship constitutes a "franchise" under

28  the California Franchise Relations Act ("CFRA"), Cal. Bus. & Prof.

                              7

1 Code §§ 20000 et seq., including § 20001.  Plaintiff is a
2 "franchisee" as defined by Cal. Bus. & Prof. Code § 20002.
3 Defendant Best Western and Does 1 through 5 are "franchisors" as
4 defined by Cal. Bus. & Prof. Code § 20003.

5        32.   The termination of plaintiff's Pacific Grove franchise
6 was made without good cause, in violation of Cal. Bus. & Prof. Code
7 § 20020.

8        33.   Cal. Bus. & Prof. Code § 20030 provides that "all notices
9 of termination or nonrenewal required by this chapter" must be in
10 writing, sent be certified or registered mail, and include certain
11 designated information.  The termination of the Pacific Grove motel
12 was also invalid in that the purported termination notice did not
13 contain a written statement of "the reasons" for termination.

14                        PRAYER FOR RELIEF

15       Plaintiff prays for judgment against the defendants as
16 follows:

17       1.   Declaratory relief;

18       2.   An award of actual damages;

19       3.   Injunctive relief;

20       4.   Attorneys' fees as per the parties' contract;

21       5.   Costs of suit;

22       6.   Interest as provided by law; and

23       7.   Other appropriate relief.

24

25                              GORMAN & MILLER, P.C.

26

27                         By:
                              JOHN C. GORMAN
                              Attorneys for Plaintiff
28                            Mahroom Family Partnership, L.P.

                                  8
Complaint/Jury Demand

1

## DEMAND FOR JURY TRIAL

2      Pursuant to Fed. R. Civ. P. 38(b), plaintiff hereby demands

3  trial by jury.

4

5                                 GORMAN & MILLER, P.C.

6

7                        By:
                              JOHN C. GORMAN
8                             Attorneys for Plaintiff
                              Mahroom Family Partnership, L.P.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint/Jury Demand