John C. Gorman, #91515
Charles J. Stiegler, #245973
GORMAN & MILLER, P.C.
210 North Fourth Street
Suite 200
San Jose, CA. 95112
(408) 297-2222 (phone)
(408) 297-2224 (fax)

Attorneys for Plaintiff/Counterdefendants
MAHROOM FAMILY PARTNERSHIP, L.P.,
MAJID MAHROOM, ADIBA MAHROOM,
ROXANNE MAHROOM, and DIANNE MAHROOM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHROOM FAMILY PARTNERSHIP, L.P., a California limited partnership; | Case No. C08 00136 JF |
| | ANSWER TO COUNTERCLAIM |
| Plaintiff, | |
| | HON. JEREMY FOGEL |
| v. | |
| BEST WESTERN INTERNATIONAL, INC., an Arizona corporation; and DOES 1 through 10, inclusive; | |
| Defendants. | |
| BEST WESTERN INTERNATIONAL, INC., an Arizona corporation; | |
| Counterclaimant, | |
| v. | |
| MAHROOM FAMILY PARTNERSHIP, L.P., a California limited partnership; ADIBA MAHROOM, an individual; MAJID MAHROOM, an individual; ROXANNE MAHROOM, an individual; and DIANNE MAHROOM, an individual; | |
| Counterdefendants | |

Plaintiffs/Counterdefendants Mahroom Family Partnership, L.P. ("Mahroom Family Partnership"), Adiba Mahroom, Majid Mahroom, Roxanne Mahroom, and Dianne Mahroom (collectively, "Mahrooms") hereby answer the counterclaim of Best Western International, Inc. ("Best Western") as follows:

## THE PARTIES

1. The counterdefendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put the counterclaimant to strict proof thereof.

2. Admit.

3. Admit that the Mahroom Family Partnership owns and operates a motel known as the Best Western Monarch Resort, located at 1111 Lighthouse Avenue, Pacific Grove, California, referenced in Best Western's records as property #05591. Deny that the motel was "formerly" identified as a Best Western.

4. Admit that Majid Mahroom, Adiba Mahroom, Roxanne Mahroom, Dianne Mahroom, and Laila Mahroom are members of the Mahroom Family Partnership. Deny that Linda Mahroom (who is deceased) is a partner.

5. Admit.

6. Admit that Roxanne Mahroom, Dianne Mahroom, and Laila Mahroom are limited partners in the Mahroom Family Partnership. Deny that Linda Mahroom, who is deceased, is a partner.

7. The allegations of this paragraph are so vague, ambiguous, and conclusory as to preclude a meaningful response. Based thereon, the counterdefendants deny such allegations and put the counterclaimant to strict proof thereof.

8. The allegations of the paragraph are so vague and

1

ambiguous as to preclude a meaningful response. Based thereon, the counterdefendants deny such allegations and put the counterclaimnat to strict proof thereof.

    9.    Deny that venue rests with the courts of the State of Arizona. Admit that subject matter jurisdiction is proper in this court.

    10.    Deny that venue rests exclusively with courts in the State of Arizona. Admit that personal jurisdiction is proper in this court.

GENERAL ALLEGATIONS

    11.    Admit that Best Western is a "membership organization." The counterdefendants contend that Best Western is a franchisor pursuant to the California Franchise Relations Act, Cal. Bus. & Prof. Code §§ 20000 *et seq*. Admit that certain rights and obligations of Best Western franchisees are set forth in the Membership Agreement, Best Western's Bylaws and Articles of Incorporation, and Best Western's Rules and Regulations; however, such rights are subject to the requirements of applicable law. The Mahroom Family Partnership puts Best Western to strict proof of its allegations related to the meaning and effect of the referenced exhibits.

    12.    Admit.

    13.    The counterdefendants lack information or belief sufficient to admit or deny the vague allegations of this paragraph.

    14.    Admit that Best Western franchisees are required to pay fees and assessments to Best Western.

    15.    Admit that Best Western members/franchisees are granted a

license to use Best Western's Marks.  The counterdefendants further admit that such rights are set forth in the Membership Agreement; however, other rights exist as a matter of applicable law.

16.  The counterdefendants lack information or belief sufficient to admit or deny the allegations of this paragraph as to the date of first use of the "Best Western" trademark.  Admit the remaining allegations of this paragraph.

17.  The counterdefendants lack information or belief sufficient to admit or deny the allegations of this paragraph.

18.  The counterdefendants lack information or belief sufficient to admit or deny the allegations of this paragraph.

19.  The allegations of this paragraph are so vague and ambiguous as to preclude a meaningful response.  In any event, the counterdefendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Best Western to strict proof thereof.

20.  The counterdefendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Best Western to strict proof thereof.

21.  The counterdefendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Best Western to strict proof thereof.

22.  Admit.

23.  Deny.  The right to terminate a membership is also governed by applicable law and legal and equitable principles.

24.  The allegations of this paragraph are unduly vague and argumentative.  The obligation to debrand depends on whether the termination decision is valid and in accord with applicable law and

legal and equitable principles.

25. The allegations of this paragraph are vague and argumentative. The obligation to de-brand depends on whether the termination decision was valid and in accord with applicable law and legal and equitable principles.

### THE PARTNERSHIP'S BWI MEMBERSHIP

26. Admit that on or about the Mahroom Family Partnership signed a Membership Agreement with Best Western dated January 30, 1998. The other allegations of this paragraph are denied.

27. Admit that Majid Mahroom is listed as the "voting member" in the 1998 Membership Agreement. The other allegations of this paragraph are denied.

28. The allegations of this paragraph state legal conclusions as to which no response is required. The agreements existing between the parties speak for themselves and are subject to applicable law.

29. The allegations of this paragraph state legal conclusions as to which no response is required. The agreements existing between the parties speak for themselves and are subject to applicable law.

30. Admit that Best Western granted the Mahroom Family Partnership a license to use the Best Western Marks in connection with the Monarch Resort motel. The other allegations of this paragraph state legal conclusions as to which no response is required. The agreements existing between the parties speak for themselves and are subject to applicable law.

31. The allegations of this paragraph state legal conclusions as to which no response is required. The agreements existing

4

between the parties speak for themselves and are subject to applicable law. Further, the referenced provision would appear to be unenforceable.

32. The allegations of this paragraph state legal conclusions as to which no response is required. The agreements existing between the parties speak for themselves and are subject to applicable law.

33. The allegations of this paragraph state legal conclusions as to which no response is required. The agreements existing between the parties speak for themselves and are subject to applicable law.

34. Admit that Best Western notified the Mahroom Family Partnership that the Monarch Resort motel was being terminated. The remaining allegations of this paragraph are denied.

THE PARTNERSHIP'S INTENTIONAL AND UNLAWFUL USE OF THE BWI MARKS

35. Deny. The counterdefendants contend that the purported termination was invalid and that any ongoing use of the "marks" is lawful.

36. Deny. The counterdefendants contend that the purported termination was invalid and that any ongoing use of the "marks" is lawful. The counterdefendants further deny owning, operating, or exercising control over the websites referenced in the counterclaim.

37. Deny.

38. Deny.

FIRST COUNTERCLAIM
BREACH OF CONTRACT -- POST TERMINATION USE OF TRADEMARKS

39. The counterdefendants repeat and reallege their responses to paragraphs 1 through 38.

5

40. Admit that the Mahroom Family Partnership continues to use the Best Western Marks. The remaining allegations are denied.

41. Admit that the Mahroom Family Partnership continues to use the Best Western Marks. The remaining allegations are denied.

42. The allegations of this paragraph state legal conclusions as to which no response is required. The agreement in question speaks for itself and is subject to applicable law. The counterdefendants deny that the referenced provision is legally enforceable and further expressly deny that Best Western is entitled to the relief sought or any other relief.

43. Deny.

44. Deny.

45. Deny.

SECOND COUNTERCLAIM
FEDERAL TRADEMARK INFRINGEMENT
(LANHAM ACT § 32(1), 15 U.S.C. § 1114(1))

46. The counterdefendants repeat and reallege their responses to paragraphs 1 through 45.

47. Admit.

48. Admit that the Mahroom Family Partnership continues to hold the Monarch Resort motel out as a Best Western, as the motel has not been validly terminated. The allegation that "an affiliation no longer exists" is denied.

49. Deny.

50. Dent. The Mahroom Family Partnership is authorized to use the Best Western Marks unless and until there has been a legally valid termination.

51. Deny.

52. Deny.

6

1  53. Deny.

2  54. Deny.

3  55. Deny.

### THIRD COUNTERCLAIM
### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (LANHAM ACT § 43(a), 15 U.S.C. § 1125)

6  56. The counterdefendants repeat and reallege their responses to paragraphs 1 through 55.

8  57. Deny.

9  58. Deny.

10  59. Deny.

11  60. Deny.

12  61. Deny.

13  62. Deny.

14  63. Deny.

15  64. Deny.

### FOURTH COUNTERCLAIM
### FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125(c)).

18  65. The counterdefendants repeat and reallege their responses to paragraphs 1 through 64.

20  66. Admit.

21  67. The allegations of this paragraph are so vague as to preclude a meaningful response.  In any event, the counterdefendants lack information or belief sufficient to admit or deny the allegations of this paragraph and, based theron, put Best Western to strict proof thereof.

26  68. Deny.

27  69. Deny.

28  70. Deny.

7

Answer to Counterclaim, Case No. C08 00136 JF

71. Deny.

72. Deny.

73. Deny.

74. Deny.

### FIFTH COUNTERCLAIM
### UNFAIR COMPETITION - ARIZONA AND CALIFORNIA LAW

75. The counterdefendants repeat and reallege their responses to paragraphs 1 through 74.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

### SIXTH COUNTERCLAIM
### TRADEMARK DILUTION - ARIZONA LAW
### (A.R.S. § 44-1448.01) AND CALIFORNIA LAW
### (CAL BUS. & PROF. CODE § 14330)

81. The counterdefendants repeat and reallege their responses to paragraphs 1 through 80.

82. The counterdefendants lack information or belief sufficient to admit or deny the allegations of this paragraph and, based thereon, deny such allegations and put Best Western to strict proof thereof.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

### SEVENTH COUNTERCLAIM
### COMMON LAW TRADEMARK INFRINGEMENT

87. The counterdefendants repeat and reallege their responses

8

Answer to Counterclaim, Case No. C08 00136 JF

to paragraphs 1 through 86.

88. The counterdefendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Best Western to strict proof thereof.

89. Deny.

90. Deny.

91. Deny.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The counterclaim fails to state a claim for relief.

#### Second Affirmative Defense

On information and belief, Best Western has failed to take reasonable steps to mitigate its alleged damages.

#### Third Affirmative Defense

Best Western's claims are barred in whole or in part by Best Western's failure to perform its contractual obligations to the Mahroom Family Partnership and/or failure of a condition.

#### Fourth Affirmative Defense

Best Western's counterclaims are barred by the doctrine of unclean hands.

#### Fifth Affirmative Defense

The unfair competition and other laws of Arizona do not have extraterritorial application to conduct occurring in California.

#### Sixth Affirmative Defense

The conduct of the counterdefendants is lawful.

#### Seventh Affirmative Defense

The conduct of the counterdefendants is legally privileged.

<u>Eighth Affirmative Defense</u>

The conduct of the counterdefendants involves fair use.

<u>Ninth Affirmative Defense</u>

The counterdefendants are entitled to an offset or setoff based on the acts and omissions of Best Western.

<u>Tenth Affirmative Defense</u>

Some or all of the claims asserted by Best Western are barred by the doctrine of unconscionability.

The counterdefendants reserve the right to amend and supplement these affirmative defenses as further proceedings may warrant.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, counterdefendants Mahroom Family Partnership, L.P., Adiba Mahroom, Majid Mahroom, Roxanne Mahroom, and Dianne Mahroom pray that counterclaimant Best Western International, Inc. take nothing on its counterclaim, for an award of costs and fees as may be permitted by law, and for such other relief as may be appropriate.

GORMAN & MILLER, P.C.

By: _____/s/_____
JOHN C. GORMAN
Attorneys for
Plaintiff/Counterdefendants