John C. Gorman, #91515
Charles J. Stiegler, #245973
GORMAN & MILLER, P.C.
210 North Fourth Street, Suite 200
San Jose, CA 95112
(408) 297-2222 (phone)
(408) 297-2224 (fax)

Attorneys for Plaintiff/Counterdefendants
MAHROOM FAMILY PARTNERSHIP, L.P.,
MAJID MAHROOM, ADIBA MAHROOM,
ROXANNE MAHROOM, and DIANNE MAHROOM

Jeffrey M. Hamerling, #91532
DLA PIPER US LLP
153 Townsend Street, Suite 800
San Francisco, CA 94107-1957
Tel: 415.836.2500
Fax: 415.836.2501

Cynthia A. Ricketts (*pro hac vice*)
Allison L. Harvey (*pro hac vice*)
DLA PIPER US LLP
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Tel: 480.606.5100
Fax: 480.606.5101

Attorneys for Defendant/Counterclaimant
BEST WESTERN INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHROOM FAMILY PARTNERSHIP, L.P., a California limited partnership;<br><br>Plaintiff,<br><br>v.<br><br>BEST WESTERN INTERNATIONAL, INC., an Arizona corporation; and DOES 1 through 10, inclusive; | Case No. C08 00136 JF<br><br>JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER THEREON<br><br>Date: May 9, 2008<br>Time: 10:30 a.m.<br>Place: Ct. 3; 5th Floor |

| | |
|---|---|
| Defendants. | HON. JEREMY FOGEL |
| AND RELATED COUNTERCLAIM. | |

The parties submit this Joint Case Management Statement and request that the court adopt it as its Case Management Order in this action.

I. JURISDICTION AND SERVICE

Plaintiff Mahroom Family Partnership, L.P. ("Mahroom Family Partnership") contends that this court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Plaintiffs contend that personal jurisdiction and venue are proper pursuant to 28 U.S.C. § 1391 as the defendant does business in the Northern District of California, and a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of California.

Defendant Best Western International, Inc ("Best Western" or "BWI") disagrees that venue is proper in this forum. Best Western alleges that, pursuant to the parties' contract, venue is proper in the courts of the State of Arizona. BWI contends that venue and the exercise of personal jurisdiction over it by this Court is improper. Instead, personal jurisdiction and venue over this action by the United States District Court in the District of Arizona are proper pursuant to 28 U.S.C. § 1391(b) and (c) and because, among other reasons: (a) Plaintiff contractually agreed to litigate all disputes with BWI arising from or related to the BWI Membership Application and Agreement executed by Majid and Adiba Mahroom on January 30,

1998 (the "Membership Agreement"), or any relationship between the parties, in Arizona federal or state court; (b) Plaintiff caused events to occur and injuries to result in the State of Arizona; and (c) Plaintiff aimed its conduct at BWI, knowing that BWI is located in Arizona and harming BWI in Arizona. Because BWI contends that the parties have contractually agreed to litigate all disputes arising under and/or related to the Membership Agreement in the Courts of the State of Arizona, BWI objects to this Court's jurisdiction and objects to venue in this Court. BWI does not waive its right to continue to object to this Court's jurisdiction and indeed expressly reserves this right. However, in light of the July 23, 2007 ruling in the related case entitled *Mahroom v. Best Western International, Inc., et al.*, Case No. 5:07-cv-2351, currently pending in the Untied States District Court for the Northern District of California (the "Magic Carpet Inn Litigation"), BWI asserts counterclaims against the plaintiffs pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1367.

No parties remain to be served with either the complaint or the counterclaim.

II. FACTUAL BACKGROUND

A. Brief Chronology of Facts

On January 30, 1998, the parties executed a Membership Application and Agreement ("Agreement") for a motel located in Pacific Grove, California. The 1998 Agreement provides for an indefinite series of one year terms ending on November 30 of each calendar year and automatically renewing for the next year.

Pursuant to the Agreement, the Mahroom Family Partnership was permitted to use the Best Western trademarks, trade name, logo, and symbols ("Marks") in connection with the Pacific Grove motel. Since January 30, 1998, the Mahroom Family Partnership has operated the Pacific Grove motel under the name "Best Western Monarch Resort" using Best Western's Marks. Pursuant to the Membership Agreement, Best Western has conducted regular inspections of the

motel, including what it calls "Quality Assurance" inspections.

On August 14, 2006, Best Western informed the Mahroom Family Partnership that the continuation of the Pacific Grove membership within the Best Western system was contingent upon plaintiff fulfilling certain conditions, including maintaining a minimum score of 875 points on its Quality Assurance inspection "on or shortly after" November 14, 2006.

The Pacific Grove motel achieved a Quality Assurance score in excess of 875 points on its November 20, 2006 inspection.

On October 23, 2007, Best Western assessor Ahmad Abdolvahabi gave the Pacific Grove motel a "Quality Assurance" score of 801.

On December 28, 2007, Best Western sent a letter to Majid Mahroom stating that the Pacific Grove motel's membership was being terminated as a result of the "Quality Assurance" score achieved at the October 23, 2007 inspection.

The Mahroom Family Partnership requested reconsideration of Best Western's decision and also informed Best Western of steps which it contended had been taken to address matters noted in the October 23, 2007 inspection report. The request for reconsideration was denied by Best Western on January 30, 2008.

The Mahroom Family Partnership contends that the termination of the Pacific Grove motel was discriminatory, unfair, without good cause, and contrary to applicable law and the terms of the August 14, 2006 "conditional extension" agreement. Plaintiff further contends that the Pacific Grove motel has the right to continue as a member of the Best Western system and to continue using the Best Western Marks.

Best Western disagrees. In its Counterclaim, Best Western alleges that the termination was valid and that the Mahroom Family Partnership's continued use of the Best Western Marks is unlawful and in breach of the 1998 Agreement.

B. <u>Factual Issues in Dispute</u>

The principal factual issues in dispute are:

i) Did the Mahroom Family Partnership's contract with Best Western grant the right to engage in the business of offering, selling, or distributing goods and services under a marketing plan or system prescribed in substantial part by Best Western?

ii) Was the operation of the Pacific Grove motel substantially associated with Best Western's trade mark, trade name, service mark, or other Marks?

iii) Was the Mahroom Family Partnership required to pay Best Western a franchise fee, directly or indirectly?

iv) Did Best Western perform its obligations under the parties' contract and applicable Best Western Bylaws and Rules and Regulations?

v) Has there been a valid termination of the counterdefendants' right to use the Best Western Marks in the operation of the Pacific Grove motel?

vi) Did the Mahroom Family Partnership meet the requirements set forth in the August 14, 2006 "conditional extension" agreement?

vii) Has Best Western treated the Mahrooms differently than other Best Western members with regard to the membership of the Pacific Grove motel?

viii) Was the October 23, 2007 inspection validly performed in an impartial, standardized, and nondiscriminatory manner?

ix) Was the October 23, 2007 inspection validly performed in accordance with Best Western's Bylaws and Rules and Regulations?

x) Was the December 28, 2007 attempted termination made in an impartial, standardized, and nondiscriminatory manner?

xi) Does the Pacific Grove motel meet Best Western's minimum

standards as set forth in the Rules and Regulations?

xii) What damages, if any, has the Mahroom Family Partnership suffered as a result of any wrongful act or omission by Best Western?

xiii) What damages, if any, has Best Western suffered as a result of any wrongful act or omission by the counterdefendants?

xiv) Have the individual counterdefendants engaged in conduct that renders them personally liable for the alleged damages suffered by Best Western and, if so, in what amount(s)?

xv) Whether BWI had a lawful basis to terminate the Mahrooms' Motel?

xiv) Whether the Mahrooms have unlawfully infringed on BWI's Marks?

III. LEGAL ISSUES IN DISPUTE

The principal legal issues disputed by the parties are:

i) Whether venue is proper in this court?

ii) Whether the Best Western membership is a "franchise" under Cal. Bus. & Prof. Code § 20001?

iii) Whether Best Western is required to show "good cause" under Cal. Bus. & Prof. Code § 20020 to terminate the Mahroom Family Partnership's membership?

iv) Whether "good cause" existed to terminate the membership based upon the reason articulated by Best Western?

v) Whether Best Western's termination decision is valid under the terms of the parties' contract and Best Western's Bylaws and Rules and Regulations?

vi) Whether Best Western has materially breached its obligations

1 under the parties' contract and/or Best Western's Bylaws and
2 Rules and Regulations?
3    vii) Whether Best Western's termination decision is valid and made
4 in accordance with the applicable Best Western Bylaws and
5 Rules and Regulations?
6    viii) Whether the Mahroom Family Partnership has infringed upon Best
7 Western Marks after the date of the alleged termination?
8    ix.) What damages, if any, is the Mahroom Family Partnership entitled
9 to recover?
10    x.) The legal effect of the limitation of damages in the Membership
11 Agreement on the Mahroom Family Partnership's claim for
12 damages.
13    x.) What damages, if any, is Best Western entitled to recover?
14    xi.) Whether the Mahroom Family Partnership is infringing on
15 BWI's Marks in violation of the Membership Agreement, the
16 Lanham Act, A.R.S. § 44-1448.01; Cal. Bus. & Prof. Code §
17 14330; unfair competition under the laws of the States of
18 Arizona and California; and common law trademark
19 infringement?
20    xii.) What injunctive and/or declaratory relief, if any, BWI is entitled to
21 receive?
22
23 IV. **AMENDMENT OF PLEADINGS**
24      Plaintiff does not presently expect to add or dismiss any parties, claims, or
25 defenses.
26      Best Western does not presently expect to add or dismiss any parties, claims,
27 or defenses.
28      The parties propose that any pleadings be amended by September 30, 2008.

## V. EVIDENCE PRESERVATION

Plaintiffs have taken steps to preserve evidence relevant to this litigation. Specifically, plaintiffs have taken steps to preserve documents, including electronic communications, which existed at the time they decided to file this complaint. Plaintiffs have not destroyed nor do they intend to destroy or discard documents and data that they reasonably believe are relevant.

BWI has taken steps to preserve evidence relevant to this litigation. Specifically, BWI has taken steps to preserve documents, including electronic communications, which existed when BWI became aware that the Mahrooms were contesting the termination of their BWI Membership. Specifically, BWI has terminated its ordinary document destruction policy and placed a litigation hold on those documents and data that it reasonably believes are relevant.

## VI. DISCLOSURES

Plaintiff served its Initial Disclosure on April 23, 2008. BWI will serve its Initial Disclosures on or before May 15, 2008.

## VII. DISCOVERY

The parties agree to conduct discovery under the guidelines set forth in the Federal Rules of Civil Procedure.

Neither party has yet propounded any discovery in this action.

## VIII. CLASS ACTIONS

This litigation is not a class action.

## IX. RELATED CASES

This litigation has been deemed related to the case entitled Mahroom v. Best

<u>Western International, Inc.</u>, Case No. C07-2351 JF (HRL), currently pending before this Court.

X.   <u>RELIEF</u>

The Mahrooms seek injunctive relief, declaratory relief, recovery of actual damages, and an award of attorneys' fees and costs. The quantum of the Mahrooms' damages has not yet been determined.

BWI seeks injunctive relief enjoining the Mahroom Family Partnership from continuing to use BWI's Marks, treble damages pursuant to 15 U.S.C. § 1117(b); liquidated damages pursuant to the Membership Agreement; an accounting of profits; and/or attorneys fees.

XI.   <u>SETTLEMENT AND ADR</u>

The parties have not yet filed an ADR Stipulation.

XII.   <u>CONSENT TO MAGISTRATE JUDGE</u>

The parties do not consent to a magistrate judge.

XIII.   <u>OTHER REFERENCES</u>

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

XIV.   <u>NARROWING OF ISSUES</u>

The parties are continuing to discuss possible ways to narrow issues and ask that the court schedule another case management conference in 90 days.

XV.   <u>EXPEDITED SCHEDULE</u>

The parties have not agreed to handling matters on an expedited basis with streamlined procedures.

...

## XVI. SCHEDULING

The parties request that the court set another case management schedule in 90 days.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Other than the presently named parties, the following persons or entities may have an interest in this case:

1. Laila Mahroom, as a Limited Partner in Mahroom Family Partnership, L.P.;
2. The Linda Mahroom Family Trust, which holds a Limited Partnership interest in Mahroom Family Partnership, L.P.;
3. David LaChance, the Trustee of the Linda Mahroom Family Trust;
4. Jocelyn LaChance, a beneficiary of the Linda Mahroom Family Trust;
5. Rhianna LaChance, a beneficiary of the Linda Mahroom Family Trust;
6. Zain LaChance, a beneficiary of the Linda Mahroom Family Trust;

## XIX. OTHER MATTERS

At this time, the parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

GORMAN & MILLER, P.C.

By: ___/s/_____
JOHN C. GORMAN
Attorney for
Plaintiff/Counterdefendants

DLA PIPER US LLP
SAN FRANCISCO

SANF1\393134.1

10

CASE MANAGEMENT STATEMENT – C08-00136 JF

DLA PIPER US LLP

By:
/s/_____
Jeffery M. Hamerling
Cynthia A. Ricketts
Allison L. Harvey

Attorneys for
Defendant/Counterclaimant

## ORDER

The Case Management Conference is continued to August ___, 2008.

Dated: _____

                                                                               _____
                                                                               HON. JEREMY FOGEL
                                                                               UNITED STATES DISTRICT JUDGE